UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 13

Carrie Marie Shrum,                                       Case No. 19-41957
a/k/a Carrie Marie Buterbaugh,
                                                          Hon. Phillip J. Shefferly

          Debtor.
_____/

**OPINION REGARDING DEBTOR'S MOTION TO
EXTEND THE AUTOMATIC STAY AS TO THE
DEBTOR'S LANDLORD AND FOR OTHER RELIEF**

## Introduction

This matter involves a dispute between a pro se Chapter 13 debtor and her

landlord over the application of the automatic stay of § 362(a) of the Bankruptcy Code

to a judgment of possession that the landlord obtained against the debtor before she

filed her Chapter 13 case. The dispute centers on an exception to the automatic stay

under § 362(b)(22), and on two exceptions *to that exception* under § 362(*l*)[1](1) and

(2). For the reasons explained in this opinion, the Court holds that (i) the automatic

stay of § 362(a)(3) applies to the landlord's acts to enforce his judgment of

---

[1](1) The letter "*l*" is not italicized in the Bankruptcy Code but is italicized in this opinion to distinguish it from the number "1" to make the opinion easier to read.

possession; (ii) the § 362(b)(22) exception to the automatic stay did not apply during the first 30 days of this case but does apply after the first 30 days; (iii) the landlord willfully violated the automatic stay during the first 30 days of the case; and (iv) the automatic stay is not extended as to the landlord beyond the first 30 days of the case.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## Facts

The following facts are taken from the Court file and are not in dispute.

Carrie Marie Shrum ("Debtor") leased a single family home located at 16747 22 Mile Road, Macomb, Michigan 48044 ("Property") from Joseph R. Van Assche III ("Landlord"). The rent was $1,150.00 per month. For a time, the Debtor and the Landlord got along well. At some point, the relationship deteriorated, although the Debtor and the Landlord do not agree on the reasons why.

In October, 2018, the Landlord filed an eviction proceeding in the 41A Judicial District Court for the State of Michigan ("State Court"). On January 11, 2019, the State Court entered a Possession Judgment ("Judgment") in favor of the Landlord. The Judgment states that the Landlord "has a right to recover possession" of the Property and that "there is now due to the [Landlord] for nonpayment of rent and other

-2-

money due under the lease" a total of $3,834.00. The Judgment expressly states that "no money judgment is entered at this time." The Judgment provides that the Landlord may apply for an order evicting the Debtor from the Property if the Debtor does not pay the total amount due or move out of the Property by January 22, 2019.

The Debtor did not pay the $3,834.00 nor did she move out of the Property by January 22, 2019. However, she did file a motion for a new trial. The State Court scheduled a hearing on February 15, 2019 on the Debtor's motion at the same time as a hearing that it scheduled on the Landlord's application for an eviction order.

On February 13, 2019, two days prior to the hearing in State Court, the Debtor filed a pro se Chapter 13 petition.[2] In her answer to question no. 11 on her petition, the Debtor stated that the Landlord had obtained an eviction judgment against her and that the Debtor had filled out an Official Form 101A, Initial Statement About an Eviction Judgment Against You. On the same day that she filed her petition, the Debtor also filed Official Form 101A (ECF No. 7), served it by mail on the Landlord, and paid $1,150.00 to the Bankruptcy Court Clerk for rent for the Property for the first 30 days of her bankruptcy case. The Debtor's Official Form 101A contains the following two certifications:

---

[2] This is not the Debtor's first bankruptcy case. The Debtor previously filed seven other bankruptcy cases, including Chapter 13 case number 18-45075, filed on April 6, 2018 and dismissed on October 12, 2018 for failure to make plan payments.

☒ Under the state or other nonbankruptcy law that applies to the judgment for possession *(eviction judgment),* I have the right to stay in my residence by paying my landlord the entire delinquent amount.

☒ I have given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after I file the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

Notwithstanding the filing of the bankruptcy case, the hearing in the State Court went forward as scheduled on February 15, 2019. Both the Debtor and the Landlord were represented by counsel at the hearing. At the beginning of the hearing, the Debtor's counsel advised the State Court that the Debtor had filed a Chapter 13 bankruptcy petition. The Debtor's counsel argued that the automatic stay of § 362(a) of the Bankruptcy Code stayed the hearing before the State Court. The Debtor's counsel acknowledged that there is an exception to the automatic stay in § 362(b)(22) for the continuation of an eviction proceeding by a lessor against a tenant of residential property where the lessor obtained a judgment of possession prior to the filing of the bankruptcy petition. However, the Debtor's counsel explained that this exception did not apply during the first 30 days of the Debtor's bankruptcy case because the Debtor had filed Official Form 101A and had deposited with the Bankruptcy Court Clerk the rent that would become due for the Property during the first 30 days of her bankruptcy case.

-4-

The Landlord's counsel admitted that he had seen a copy of the bankruptcy petition, but argued that the Debtor's Official Form 101A contained a false certification that the Debtor had the right to cure the monetary default that gave rise to the Judgment. The Landlord's counsel pointed out that the Judgment only permitted the Debtor to pay the $3,834.00 by January 22, 2019, and the Debtor had failed to do so. As a result, the Landlord's counsel argued, the Debtor's Official Form 101A did not have the effect of delaying for 30 days the application of § 362(b)(22)'s exception to the automatic stay.

The State Court agreed with the Landlord's counsel that the Landlord was not stayed from requesting an eviction order at the hearing. The State Court denied the Debtor's request for an adjournment of the hearing and proceeded with the hearing. Following arguments, the State Court denied the Debtor's motion for a new trial and granted the Landlord's request for an eviction order. Because of the Debtor's personal circumstances regarding her family's occupancy of the Property, the State Court decided to give the Debtor another ten days before issuing the eviction order, but stated that it would not delay the eviction order beyond February 25, 2019. The State Court entered an order on February 26, 2019 that memorialized its rulings made at the February 15, 2019 hearing.

-5-

Having lost in State Court and facing imminent eviction, on February 19, 2019, the Debtor filed in this Court a First Day Debtor's Emergency Ex Parte Motion for Injunction/Order to Immediately Stop Eviction in Violation of the Automatic Stay, Award Sanctions, and First Day Motion to Extend Stay as to All Creditors ("Motion") (ECF No. 17). The Motion requests various forms of relief. First, the Motion requests that the Court hold that § 362(b)(22)'s exception to the automatic stay did not apply for the first 30 days of the Debtor's case because of the Debtor's Official Form 101A. Second, the Motion requests that the Court find that the Landlord violated the automatic stay by going forward with the hearing in State Court on February 15, 2019. Third, the Motion requests that the Court award the Debtor damages because of the Landlord's violation of the automatic stay. Fourth, the Motion requests that the Court extend the automatic stay for the duration of this case under § 362(c)(3)(B). The reason for this request is because the Debtor had a prior bankruptcy case dismissed within the twelve months before she filed her current Chapter 13 case. As a result, the automatic stay in this case terminates after 30 days under § 362(c)(3)(A) unless extended by the Court.

On February 20, 2019, the Court entered an order ("Scheduling Order") (ECF No. 20) scheduling a hearing on the Motion for March 12, 2019 at 11:30 a.m. The Scheduling Order explained that the automatic stay was in effect for the first 30 days

of the Debtor's case (i.e., until March 15, 2019), but would terminate under § 362(c)(3)(A) after 30 days because of the dismissal of the Debtor's prior case. The Scheduling Order also noted that § 362(b)(22)'s exception to the automatic stay did not apply during the first 30 days of the Debtor's case because the Debtor had filed Official Form 101A.

On March 8, 2019, the Landlord filed a response (ECF No. 27) to the Motion. Just prior to the start of the hearing, the Debtor filed a copy of the transcript (ECF No. 28) of the February 15, 2019 hearing held in State Court.

The Debtor and the Landlord both attended the March 12, 2019 hearing in this Court. The Debtor appeared pro se. The Landlord was represented by counsel. At the conclusion of the hearing, the Court granted the Motion's request to extend the automatic stay under § 362(c)(3)(B) as to all of the Debtor's creditors other than the Landlord. The Court found that the Debtor's case was filed in good faith with respect to those creditors. However, the Court took under advisement the Motion's requests for relief against the Landlord. In part, the Court did so because it wanted to find out if the Debtor was going to timely file an Official Form 101B, Statement About Payment of an Eviction Judgment Against You. The reason that this was important to the Court is because § 362(*l*)(1) provides that the filing of Official Form 101A only *temporarily* delays § 362(b)(22)'s exception to the automatic stay for 30 days (i.e., to

March 15, 2019). To render § 362(b)(22)'s exception to the automatic stay inapplicable past 30 days from the petition date, § 362(*l*)(2) requires a debtor to make and file the further certification in Official Form 101B within 30 days after the filing of the bankruptcy petition (i.e., by March 15, 2019).

It is now more than 30 days after the Debtor filed her Chapter 13 petition. On March 19, 2019, the Bankruptcy Court Clerk filed a Notice Indicating the Absence of a Filed Certification and the Applicability of the Exception to the Stay With Certificate of Service ("Notice") (ECF No. 32). After the Notice was filed, on March 20, 2019, the Court entered an Order Holding that the Exception to the Automatic Stay Under Section 362(b)(22) Now Applies ("Stay Exception Order") (ECF No. 33). The Court did so to provide some clarity for the Landlord, the Debtor and the State Court regarding whether the automatic stay will continue to apply after March 15, 2019, while the Court was preparing this opinion.

The Stay Exception Order held that: (i) the automatic stay of § 362(a)(3) applied to the Landlord's actions to recover possession of the Property under the Judgment for the first 30 days of this bankruptcy case; (ii) the exception to the automatic stay under § 362(b)(22) did not apply to the Landlord's actions to recover possession of the Property under the Judgment for the first 30 days of this bankruptcy case; (iii) the exception to the automatic stay under § 362(b)(22) now applies to the

-8-

Landlord's actions to recover possession of the Property under the Judgment; (iv) the Debtor's request to extend the automatic stay with respect to the Landlord's actions to recover possession of the Property under the Judgment past the first 30 days of this bankruptcy case is denied; and (v) because the exception to the automatic stay under § 362(b)(22) now applies, the Landlord may now proceed in State Court to recover possession of the Property under the Judgment without violating the automatic stay. The Stay Exception Order also stated that the Court will issue an opinion that explains the legal analysis for the Stay Exception Order and that addresses any of the Debtor's other requests for relief made in the Motion that are not addressed by the Stay Exception Order. This is the Court's opinion.

## Discussion

1. <u>Applicable Bankruptcy Code sections</u>.

Section 362(a) of the Bankruptcy Codes provides a very broad stay of actions when an individual files a bankruptcy case. Section 362(a)(3) stays "any act to obtain possession of property of the [bankruptcy] estate . . . or to exercise control over property of the [bankruptcy] estate[.]" When the Bankruptcy Code was passed in 1978, § 362(b) of the Bankruptcy Code contained a number of exceptions to the automatic stay. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") created a number of new exceptions to the automatic stay under

-9-

§ 362(b), including the one at issue in this case, § 362(b)(22), which states that, subject to subsection (*l*), the filing of a petition does not operate as a stay

> under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor[.]

This exception enables a lessor of residential property who already holds a judgment of possession obtained before a bankruptcy case is filed, to recover possession of such property from the tenant of such property even if the tenant files a bankruptcy petition. But BAPCPA did not leave the tenant entirely defenseless when it enacted this new exception. BAPCPA gave the tenant who files bankruptcy after a judgment of possession, an opportunity to stay in possession of their residence by creating two exceptions in § 362(*l*)(1) and (2), one temporary and one permanent, to the § 362(b)(22) exception.

> (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> > (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and

(B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

(2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).

To enable a debtor to implement these two exceptions to § 362(b)(22), the Judicial Conference prescribed two Official Forms. Official Form 101A contains the certifications required by § 362(*l*)(1)(A) and (B) to *temporarily* delay the application of the § 362(b)(22) exception for the first 30 days of a bankruptcy case. Official Form 101B contains the further certification required by § 362(*l*)(2) to *permanently* make the § 362(b)(22) exception inapplicable past the first 30 days of the case.

BAPCPA also created a procedure for a lessor to object to a debtor's certifications and for a bankruptcy court to adjudicate any objections on an expedited basis. Section 362(*l*)(3)(A) permits a lessor to file an objection to a debtor's certifications under § 362(*l*)(1) and (2), and requires the bankruptcy court to hold a

hearing within 10 days after an objection is filed to determine if the debtor's certifications are true.[3]

In sum, BAPCPA carved out a new exception to the automatic stay in § 362(b)(22) for a lessor of residential property who already holds a judgment for possession of such property when the lessor's tenant files a bankruptcy case. But BAPCPA tempered this exception by enacting § 362(*l*) to give a tenant who files bankruptcy in such circumstances an opportunity to stay in their residence if they timely make certain certifications and pay certain amounts. Finally, BAPCPA prescribed a procedure for a lessor to file, and for the bankruptcy court to resolve, any objections on an expedited basis.

### 2. The automatic stay of § 362(a) was in effect for the first 30 days of the Debtor's bankruptcy case.

It is undisputed that the Debtor timely filed and served Official Form 101A and timely paid the Bankruptcy Court Clerk $1,150.00, representing the rent due to the Landlord for the first 30 days after the Debtor filed her Chapter 13 petition. It is also undisputed that the Landlord did not file an objection under § 362(*l*)(3). To be sure, the Landlord's subsequent response to the Motion argued that one of the Debtor's certifications in Official Form 101A — that the Debtor had the right under state or

---

[3] In the Eastern District of Michigan, Local Bankruptcy Rule 4001-4(c) sets forth a specific procedure for obtaining the hearing.

nonbankruptcy law to stay in the Property by paying the Landlord the delinquent amount — was false. But that response was not filed as an objection under § 362(*l*)(3). Moreover, that response was not filed until March 8, 2019, only four days before the scheduled hearing on the Motion and, significantly, more than three weeks after the Landlord went forward with the hearing in the State Court to obtain an eviction order.

The Court finds that the Debtor met the requirements of § 362(*l*)(1)(A) and (B) to *temporarily* delay the application of the § 362(b)(22) exception for the first 30 days of her case. That means that the automatic stay of § 362(a) — including in particular the provision in § 362(a)(3) that stays acts to recover possession of property of the estate — was in effect from February 13, 2019 to March 15, 2019.

### 3. The State Court erred in holding that the <u>automatic stay did not apply to the February 15, 2019 hearing</u>.

The State Court, after hearing arguments on February 15, 2019 by both the Debtor's counsel and the Landlord's counsel, held that the automatic stay of § 362(a) did not apply and that the Landlord was free to proceed to enforce the Judgment by obtaining an eviction order. The transcript of the State Court hearing reflects that the State Court rejected the argument by Debtor's counsel that under § 362(*l*)(1), the application of the § 362(b)(22) exception was delayed for 30 days. A fair reading of

-13-

the transcript is that the State Court did so because it did not believe the Debtor's certification that the Debtor still had a right under applicable non-bankruptcy law to pay the amount set forth in the Judgment.

The State Court undoubtedly had the jurisdiction to determine at the February 15, 2019 hearing whether the automatic stay applied. "The court in which the judicial proceeding is pending . . . has jurisdiction to decide whether the proceeding is subject to the stay." Dominic's Restaurant of Dayton, Inc. v. Mantia, 683 F.3d 757, 760 (6th Cir. 2012) (citing NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 939 (6th Cir. 1986)). However, there was a risk in the State Court doing so. This is because, "when the stay would otherwise apply, bankruptcy courts have the exclusive jurisdiction to grant relief from the stay." Wohleber v. Skurko (In re Wohleber), 596 B.R. 554, 571-72 (B.A.P. 6th Cir. 2019) (holding that an ex-spouse and her attorney violated the stay by proceeding with a sentencing hearing for contempt against the debtor when he failed to pay a dischargeable money judgment") (citing Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 62 (6th Cir. 1983)). "If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*." Chao v. Hospital Staffing Services, Inc., 270 F.3d 374, 384 (6th Cir. 2001) (citations omitted). "If a state court and the bankruptcy court reach differing conclusions as to whether the

-14-

automatic stay bars maintenance of a suit in the non-bankruptcy forum, the bankruptcy forum's resolution has been held determinative . . . ." Id. (citation omitted).  In other words, if the state court wrongly decides that the stay does not apply and continues with a proceeding against the debtor, it has effectively granted relief from the stay, intruding on the exclusive jurisdiction of the bankruptcy court.

In this case, the State Court erred.  The transcript does not reflect that either the Debtor's counsel or the Landlord's counsel raised with the State Court, or that the State Court considered, § 362(*l*)(3).  Section 362(*l*)(3) specifies the procedure for a lessor to object to a debtor's certifications in Official Form 101A and provides for a bankruptcy court to hear and adjudicate that objection on an expedited schedule.  As of the February 15, 2019 hearing date, the Landlord had not filed any objection in this Court to the Debtor's Official Form 101A.  Because the Landlord had not availed himself of the § 362(*l*)(3) procedure to object to the Debtor's certifications under § 362(*l*)(1), the Landlord was bound by the legal effect of the Debtor's certifications in Official Form 101A.  Section 362(*l*)(1) plainly states what those legal consequences are: if a debtor files with their petition the certifications set forth in § 362(*l*)(1)(A) and (B) — both of which are contained in Official Form 101A — then § 362(b)(22)'s exception to the automatic stay "shall apply on the date that is 30 days after the bankruptcy petition is filed."  Showing up at the State Court hearing on February 15,

-15-

2019 and orally challenging the certifications in the Debtor's Official Form 101A does not excuse the Landlord's failure to comply with the statutory procedure specified by § 362(*l*)(3) to object to the Debtor's § 362(*l*)(1) certifications.

Although the State Court had the jurisdiction to determine whether or not the automatic stay applied to the Landlord's acts to recover possession of the Property, it did not have the jurisdiction to lift or modify the automatic stay. See Chao v. Hospital Staffing Services, Inc., 270 F.3d at 383 (holding that, [i]f the automatic stay does not apply . . . the bankruptcy court's jurisdiction is concurrent with that of any other court of competent jurisdiction," however, "if the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court"). Only the bankruptcy court may lift or modify the automatic stay. Nor is there any authority that permits the State Court to adjudicate a dispute under § 362(*l*)(3) regarding the Debtor's certifications in her Official Form 101A. The State Court's adjudication of a dispute over the truth of the Debtor's certifications — particularly where the Landlord did not file an objection in the bankruptcy court under the statutory procedure specified by § 362(*l*)(3) — was in substance a modification of the automatic stay. The State Court did not have the jurisdiction to do so.

The Court respectfully disagrees with the State Court's determination that the automatic stay was no longer in effect. As explained earlier in this opinion, because

-16-

the Debtor timely filed Official Form 101A and the Landlord did not file an objection to it in this Court, the § 362(b)(22) exception to the automatic stay did not apply for the first 30 days of the Debtor's case — and certainly not at the time of the February 15, 2019 State Court hearing. The automatic stay of § 362(a)(3) was in effect at the time of that hearing.

4. The Landlord violated the automatic stay
during the first 30 days of the Debtor's bankruptcy case.

The Motion alleges that the Landlord violated the automatic stay during the first 30 days after the Debtor filed her Chapter 13 petition by going forward with the hearing in State Court on February 15, 2019. As noted earlier, there were two matters scheduled for hearing at that time. The first was the Debtor's motion — not the Landlord's motion — for a new trial. Was the Landlord's defense of this motion an act to obtain possession of the Property? The Landlord was defending, rather than prosecuting, the motion for a new trial. But even the act of defending an appeal or motion for new trial may constitute an act against a debtor or a debtor's property if the original proceeding was brought against a debtor or a debtor's property. See Fifth Third Bank v. Dial Properties, LLC, 477 Fed. Appx. 298, 299 (6th Cir. Apr. 6, 2012) (holding that "'section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant

-17-

or appellee,'" and concluding because the "action was originally brought against the debtor, [ ] this appeal is stayed as against him" even though the debtor was one of the appellants) (quoting Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 62 (6th Cir. 1983)).

The Court need not determine whether the Landlord's conduct in defending the motion for a new trial was an act to obtain possession of the Property because of the second matter heard by the State Court on February 15, 2019 – the Landlord's request for an eviction order. The transcript of the hearing shows that the Landlord was not only opposing the Debtor's motion for a new trial, but was also asking the State Court for affirmative relief in the form of an eviction order. The State Court granted that request and, on February 26, 2019, entered an order that recited that "the parties were in court on February 15, 2019" and that the Landlord's "motion for acceptance of its application for entry of an Order for Eviction was heard and the court approved an Order of Eviction to be issued on February 25, 2019 against the defendant and all the occupants if they have not vacated the premises by the end of that date . . . ."

The Court finds that the Landlord's request to the State Court for entry of an eviction order at the hearing on February 15, 2019 was an act to obtain possession of the Property. Because the Debtor held a possessory interest in the Property during

that time, any act by the Landlord to enforce the Judgment to obtain possession of the Property during that time violated the automatic stay.

> 5.  The Landlord's request for an eviction order at the State Court hearing was a willful violation of the automatic stay.

Determining whether the Landlord's actions at the February 15, 2019 State Court hearing constitute a willful violation of the automatic stay for purposes of § 362(k) requires the Debtor to prove two elements: the act must be intentional and it must have been performed with knowledge of the bankruptcy filing. "A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." TranSouth Financial Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (citations omitted).

Both elements are present here. The Landlord's counsel admitted on the record at the State Court hearing on February 15, 2019 that he knew the Debtor had filed a Chapter 13 petition. Going forward and requesting an eviction order at that hearing was an intentional act. The Court finds that the Landlord willfully violated the automatic stay by requesting an eviction order from the State Court on February 15, 2019.

6. <u>The Debtor is entitled to damages under § 362(k)</u>.

The Motion requests an award of actual damages of $2,300.00, punitive damages of $2,500.00, and attorney fees and costs. When asked at the March 12, 2019 hearing about her actual damages, the Debtor explained that the $2,300.00 consisted of $1,150.00 of rent that she paid into escrow with the State Court prior to filing her bankruptcy case, and $1,150.00 of rent she paid to the Bankruptcy Court Clerk for rent during the first 30 days of her bankruptcy case. The Debtor further explained that she also suffered the following actual damages: she had to prepare for an adverse ruling on her motion for new trial once she knew it was going forward notwithstanding the stay; she incurred travel expenses in taking her daughter to Tennessee and enrolling her in school; she traveled out of state to procure alternative housing; and she paid over $200.00 in transcript fees, plus unknown court filing fees and mileage to and from court.

"An individual seeking damages under § 362(k) must prove, by a preponderance of the evidence, that damages were 'proximately caused by and reasonably incurred as a result of the violation of the automatic stay.'" <u>In re Baer</u>, No. 11-8062, 2012 WL 2368698, at *10 (B.A.P. 6th Cir. June 22, 2012) (quoting <u>Grine v. Chambers</u> (<u>In re Grine</u>), 439 B.R. 461, 471 (Bankr. N.D. Ohio 2010) (citing <u>Archer v. Macomb County Bank</u>, 853 F.2d 497 (6th Cir. 1988))).

-20-

"[A] damage award must not be based on 'mere speculation, guess, or conjecture.' Proof of damages requires that degree of certainty that the nature of the case admits." In re Perrin, 361 B.R. 853, 856 (B.A.P. 6th Cir. 2007) (quoting Archer v. Macomb County Bank, 853 F.2d 497, 499 (6th Cir. 1988)). "A bare statement by the debtor that he incurred damages without some form of supporting evidence as to the amount will not satisfy the evidentiary requirements of § 362(k)." In re Baer, 2012 WL 2368698, at *10 (citation omitted) (finding that the debtor failed in his "burden of requesting damages in a certain amount and of supporting that claim with evidence").

Although vigorously disputing that he willfully violated the automatic stay, the Landlord did not dispute any of the Debtor's specific factual allegations about her damages. But that does not mean they are compensable under § 362(k). First, most of the Debtor's damages, even if accepted as true, were simply not caused by the Landlord's stay violation. The $2,300.00 of rent was not incurred because of the Landlord's stay violation, but instead was paid by the Debtor to occupy the Property. What's more, this was all paid by the Debtor *before* the Landlord violated the stay on February 15, 2019. Further, the Landlord's suit in the State Court, and the Judgment entered by the State Court, caused the Debtor to take her daughter to Tennessee, and decide to leave the state to seek alternative housing. The Debtor does not identify any

actual damages that flowed from the Landlord's stay violation at the February 15, 2019 hearing other than the time that the Debtor expended in having to attend the hearing and defend the Landlord's application for an eviction order, plus transcript fees. The Debtor does not allege that she paid any attorney fees, either for the hearing in State Court on February 15, 2019 or for filing and prosecuting the Motion. The Debtor was represented by pro bono counsel at the State Court hearing, and has appeared pro se at all times in her bankruptcy case.

To her credit, the Debtor largely mitigated any actual damages from the Landlord's stay violation by filing the Motion. Once the Debtor lost at the State Court hearing on February 15, 2019, she promptly filed the Motion in this Court which led this Court to enter the Scheduling Order on February 20, 2019. The Scheduling Order expressly stated that the automatic stay was in full force and effect through March 15, 2019. As a result, the eviction order granted by the State Court was not effectuated while the automatic stay was in effect.

The Court recognizes that the Debtor expended the time to prepare for and attend the February 15, 2019 hearing in State Court, and to prepare, file and prosecute the Motion in this Court, in order to remedy the Landlord's stay violation. The Debtor's time is not unimportant. And defending the State Court hearing surely must have been stressful for the Debtor. But the Debtor did not quantify the value of her

time nor otherwise identify any financial loss that she suffered by expending such time. The only financial loss that the Debtor identified, and the only actual damages that the Court will award, consists of the transcript fees of $200.00 paid by the Debtor as a result of the Landlord's stay violation.

However, as noted earlier, the Motion also requests an award of punitive damages in the amount of $2,500.00. Section 362(k) allows for an award of punitive damages "in appropriate circumstances." "Although courts are required to award actual damages to an injured plaintiff for violations of the automatic stay, the imposition of punitive damages is left to the court's discretion." Tyson v. Hunt (In re Tyson), 450 B.R. 754, 766 (Bankr. W.D. Tenn. 2011) (citation omitted). If actual damages are insufficient to deter "deliberate and repeated violations" of the stay, the Court may award punitive damages. Archer v. Macomb County Bank, 853 F.2d 497, 500 (6th Cir. 1988); see also In re Tyson, 450 B.R. at 766 (finding that courts "are generally reluctant to award punitive damages under § 362(k) and will typically do so only in cases that 'involve conduct that is egregious, vindictive or intentionally malicious,' or 'when there is a strong showing that the creditor acted in bad faith or otherwise undertook their actions in reckless disregard of the law'") (quoting In re Bivens, 324 B.R. 39, 42-43 (Bankr. N.D. Ohio 2004)).

-23-

The Landlord maintains that he acted properly at all times and no damages of any kind should be awarded because the certifications in the Debtor's Official Form 101A were false. Specifically, the Landlord argues that, contrary to the Debtor's certifications, when the Debtor filed her bankruptcy petition, she did not have the right under applicable nonbankruptcy law to pay the amount set forth in the Judgment to cure the monetary default that gave rise to the Judgment. According to the Landlord, the Debtor only had until January 22, 2019 in which to do so, and that date had come and gone. So why didn't the Landlord just follow the procedure specified in § 362(*l*)(3) to object to the Debtor's certifications? At the hearing in this Court on March 12, 2019, the Landlord's counsel, when asked this question, conceded that the reason the Landlord did not do so was because the Landlord did not want to incur the cost of doing so. That's fine. The Landlord was not required to file an objection. But what the Landlord could not do was plow ahead in the State Court instead of filing an objection in this Court.

At bottom, the Landlord recklessly disregarded the Debtor's bankruptcy case. That was not an option. The purposes of the automatic stay – to protect a debtor and property of the estate at the outset of a bankruptcy case; to create an orderly and uniform treatment of creditors and parties in interest in a single forum; and to prevent a piecemeal adjudication of the rights of a debtor, creditors and other parties in

interest – would be entirely frustrated if creditors and other parties in interest may choose to ignore a debtor's bankruptcy case, and the applicable provisions of the Bankruptcy Code to that case. The Court is generally reluctant to award punitive damages for automatic stay violations. But in this case, the Court is persuaded that punitive damages are appropriate. The Landlord had available to it a very specific procedure in § 362(*l*)(3) to object to the Debtor's certification in her Official Form 101A. All of the Landlord's rights – as well as the Debtor's – could have been fully protected by using that procedure. By choosing not to use that procedure, the Landlord wasted a great deal of time of the Debtor, the State Court and this Court, not to mention the stress that the Landlord's actions caused the Debtor. To deter such conduct in the future, and to induce the Landlord to follow the statutorily specified procedure in § 362(*l*)(3), the Court will award $1,000.00 in punitive damages.

> 7. The Debtor is not entitled to an extension
> of the automatic stay against the Landlord past
> <u>the first 30 days of the Debtor's bankruptcy case</u>.

Thus far, the Court has held that the § 362(b)(22) exception did not apply during the first 30 days of the Debtor's case and, therefore, the automatic stay of § 362(a) was in effect for the first 30 days of the Debtor's case; the Landlord willfully violated the automatic stay by requesting an eviction order at the February 15, 2019 State Court hearing; and the Debtor is entitled to an award of $200.00 for actual

damages and $1,000.00 for punitive damages. The only remaining issue to be discussed is whether the automatic stay of § 362(a) extends past the first 30 days of the Debtor's case. That issue requires examining how two different subsections of § 362 – § 362(c)(3)(B) and § 362(*l*)(2) – interact in this case.

As explained earlier, a debtor who had a case dismissed within 12 months before filing a bankruptcy case only has the benefit of an automatic stay in the later case for 30 days under § 362(c)(3)(A). However, a bankruptcy court may extend the automatic stay past the 30 days under § 362(c)(3)(B) on motion of the debtor or a party in interest if the debtor proves by clear and convincing evidence that the later case was filed in good faith with respect to the creditors to be stayed. Following the March 12, 2019 hearing, the Court granted the Motion's request under § 362(c)(3)(B) to extend the automatic stay as to all of the Debtor's creditors other than the Landlord, leaving open the question of whether the Debtor's case was filed in good faith as to the Landlord's acts to recover possession of the Property.

Here's the Debtor's problem under § 362(c)(3)(B): as evidenced by the Notice, the Debtor did not file Official Form 101B within 30 days after filing her case. Therefore, § 362(*l*)(2) does not operate to avoid the application of § 362(b)(22)'s exception to the automatic stay after the first 30 days of the Debtor's bankruptcy case. As a result, the § 362(b)(22) exception to the automatic stay became applicable on

-26-

March 16, 2019 — 31 days after the Debtor filed her petition. Once that exception became applicable, it is irrelevant whether the Debtor has shown by clear and convincing evidence that she filed her case in good faith as to the Landlord under § 362(c)(3)(B). Where a debtor has not timely filed an Official Form 101B with the further certification required by § 362(*l*)(2), an extension of the automatic stay past 30 days under § 362(c)(3)(B) is of no use to a debtor in trying to retain possession of a residence where there is a judgment of possession because of the § 362(b)(22) exception to the automatic stay. Stated another way, even if the Court were to grant the Debtor's request to extend the automatic stay under § 362(c)(3)(B), that extension would still be subject to all of the exceptions to the automatic stay set forth in § 362(b), including § 362(b)(22). Extending the automatic stay under § 362(c)(3)(B) does not expand the scope of the automatic stay or eliminate any of the exceptions to the automatic stay — including § 362(b)(22)'s exception.

The Court has already found that the Debtor has proven by clear and convincing evidence that she filed this case in good faith as to all of her creditors other than the Landlord. The Court granted the Motion's request to extend the automatic stay as to those creditors. The Court now finds that the Debtor's case was filed in good faith as to any act by the Landlord to seek a money judgment against the Debtor. This means that the Landlord cannot seek to enforce a claim against the Debtor for personal

-27-

liability for unpaid rent. But, because the § 362(b)(22) exception now applies to this case, the Debtor's request in the Motion to extend the automatic stay as to the Landlord's acts to recover possession of the Property must be denied. There simply is no authority to stay the Landlord from enforcing the Judgment to recover possession of the Property after March 15, 2019. The Landlord is now free to request an eviction order from the State Court and is free to otherwise enforce its rights in the Property, so long as it does not seek a money judgment or otherwise seek to impose any personal liability on the Debtor.

## Conclusion

To some extent the Court is sympathetic to the Landlord. After all, the Landlord obtained the Judgment, entitling the Landlord to possession of the Property, if the Debtor did not pay $3,834.00 by January 22, 2019. The Debtor did not pay the amount by the deadline in the Judgment. Absent bankruptcy, the Landlord had every right to evict the Debtor from the Property. The Debtor's bankruptcy petition complicated matters. The Debtor claimed that she had the right to pay the amount set forth in the Judgment and retain possession of the Property. The Landlord claimed otherwise. But here's where the Landlord went wrong.

When BAPCPA enacted the exception to the automatic stay under § 362(b)(22), it crafted two exceptions to that exception. And it prescribed a very specific statutory

-28-

procedure to permit a lessor to file an objection and for a bankruptcy court to resolve that objection. Further, by local rule, this Court provided an expedited procedure to bring any objection promptly before the Court for a hearing. In this case, the Landlord chose not to use the statutorily prescribed procedure to object to the Debtor's Official Form 101A. Instead, the Landlord proceeded in the State Court. That was a mistake. The proper procedure — and the one that is statutorily required under § 362(*l*)(3) — is for the Landlord to have filed an objection *in the bankruptcy court*, and to have *the bankruptcy court* schedule an expedited hearing to resolve that objection. Because the Landlord chose not to utilize the statutorily prescribed procedure, but instead plowed ahead in the State Court, the Landlord wound up violating the automatic stay when he asked for an eviction order on February 15, 2019. The Debtor did not quantify any actual damages that she suffered from this stay violation, other than some transcript fees, but the Court finds it appropriate to award punitive damages because of the Landlord's reckless disregard of the Debtor's bankruptcy case.

The lesson of this case is that, if a lessor has an objection to a debtor's certification under Official Form 101A, the lessor must file an objection with the bankruptcy court rather than complain to a state court about the accuracy of the debtor's certification. As illustrated by this case, a state court has concurrent

jurisdiction to decide whether there is an automatic stay in effect, but it does not have jurisdiction to adjudicate the accuracy of a debtor's certifications in a properly filed Official Form 101A, nor lift or modify the automatic stay. Those jobs belong to the bankruptcy court under § 362(*l*)(3) and § 362(d).

This opinion is intended to explain and supplement the Stay Exception Order entered by the Court on March 20, 2019. The Court will also enter a separate order consistent with this opinion that supplements the Stay Exception Order to the extent required by this opinion.

**Signed on April 01, 2019**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**

-30-