UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Chapter 13

Carrie Marie Shrum,                                   Case No. 19-41957
a/k/a Carrie Marie Buterbaugh,
                                                      Hon. Phillip J. Shefferly
        Debtor.
_____/

**ORDER (1) REGARDING DEBTOR'S MOTION TO EXTEND THE
AUTOMATIC STAY AS TO THE DEBTOR'S LANDLORD, (2) FINDING
WILLFUL VIOLATION OF THE AUTOMATIC STAY, AND (3) AWARDING
DAMAGES UNDER SECTION 362(k) OF THE BANKRUPTCY CODE**

On February 19, 2019, the Debtor filed a motion ("Motion") (ECF No. 17) that requests various forms of relief against the Debtor's landlord, Joseph R. Van Assche III ("Landlord"). On March 20, 2019, the Court entered an Order Holding That the Exception to the Automatic Stay Under Section 362(b)(22) Now Applies ("Stay Exception Order") (ECF No. 33). The Stay Exception Order granted the Motion's request for a finding that, during the first 30 days of the Debtor's bankruptcy case, the automatic stay of § 362(a)(3) applied to the Landlord's actions to recover possession of the Debtor's home located at 16747 22 Mile Road, Macomb, Michigan 48044 ("Property"). The Stay Exception Order further held that the automatic stay of § 362(a)(3) did not apply to the Landlord's actions to recover

possession of the Property past the first 30 days of the Debtor's bankruptcy case because of the § 362(b)(22) exception to the automatic stay. The Stay Exception Order further held that because of the § 362(b)(22) exception to the automatic stay, the Landlord may now proceed to recover possession of the Property after March 15, 2019 without violating the automatic stay. Finally, the Stay Exception Order denied the Debtor's request to extend the automatic stay to the Landlord's actions to recover possession of the Property past the first 30 days of the Debtor's bankruptcy case.

The Stay Exception Order stated that the Court would subsequently issue an opinion that explains the legal analysis for the Stay Exception Order and that addresses the Motion's other requests for relief against the Landlord to the extent that they are not addressed by the Stay Exception Order.

On April 1, 2019, the Court issued an Opinion Regarding Debtor's Motion to Extend the Automatic Stay as to the Debtor's Landlord and for Other Relief ("Opinion") (ECF No. 36). The Opinion explains the legal analysis for the Stay Exception Order. In addition, the Opinion grants some of the Motion's other requests for relief against the Landlord. Accordingly, for the reasons set forth in the Opinion, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that the Stay Exception Order remains in full force and effect.

-2-

19-41957-pjs    Doc 38    Filed 04/02/19    Entered 04/02/19 10:59:45    Page 2 of 3

**IT IS FURTHER ORDERED** that the Court finds that the Landlord willfully violated the automatic stay during the first 30 days of this bankruptcy case by his actions to recover possession of the Property during such time.

**IT IS FURTHER ORDERED** that the Court awards the Debtor actual damages of $200.00 and punitive damages of $1,000.00 against the Landlord under § 362(k) of the Bankruptcy Code. The Landlord must promptly pay $1,200.00 to the Debtor.

**Signed on April 02, 2019**

/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**